**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:09-CV-457**

**MARIE PUGLISE**                                                                                                        **PLAINTIFF**

**V.**

**REGENCY NURSING, LLC**                                               **DEFENDANT**
**D/B/A HARBOURSIDE HEALTHCARE**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss two of the seven causes of action alleged by Plaintiff in her complaint. Defendant claims that the defamation and promissory estoppel claims of Plaintiff must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

I.

A court should dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H. J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (citation and quotation omitted). The Court must "view the complaint in the light most favorable to the plaintiff [and] treat all well-pleaded allegations therein as true." *Amini v. Oberlin College*, 259 F.3d 493, 497 (6th Cir. 2001). While only a "short and plain statement of the claim" is required, Fed. R. Civ. P. 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotation omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its

'[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

II.

Plaintiff was hired by Defendant's nursing home in July of 2006 as a certified nursing assistant. Plaintiff alleges that during her employment with Defendant she was subjected to derogatory racial slurs from her direct supervisor. Following this alleged discrimination, Plaintiff made complaints to her direct supervisor, higher level supervisors, and eventually Plaintiff filed a claim with the EEOC. Plaintiff claims that she was thereafter terminated in retaliation for her actions. In the complaint, Plaintiff has alleged causes of action for creation of a hostile work environment, retaliation, negligent supervision, negligent retention, intentional infliction of emotional distress, promissory estoppel and defamation.

III.

Defendant first moves this Court to dismiss Plaintiff's claim for defamation. In the complaint, Plaintiff pleads that "Defendant published false information about Plaintiff to at least one other party [and] Plaintiff's reputation was harmed as a result of such published false information." (Compl. ¶¶ 45-46). Plaintiff pleads no further specific facts and makes no reference in the complaint to any potentially defamatory statements by Defendant or its agents. The court finds that Plaintiff's allegation is "a formulaic recitation of the elements of a cause of action" and, therefore, cannot survive the motion to dismiss. *Twombly*, 550 U.S. at 555. Furthermore, even in Plaintiff's response to Defendant's motion to dismiss, Plaintiff claims only

that Defendant may have made false statements to other potential employers of Plaintiff. Plaintiff offers nothing about the contents of these statements, when they may have been made or to whom they were made. These claims, even if properly pled, are insufficient "to raise a right to relief above the speculative level." *Assoc. of Cleveland Fire Fighters*, 502 F.3d at 548.

IV.

Defendant also moves this Court to dismiss Plaintiff's claim for promissory estoppel. For this cause of action, Plaintiff's complaint alleges, "By maintaining and publishing a policy against racial discrimination and retaliation, the Defendant made promises to the Plaintiff to follow those policies. Plaintiff relied on those promises to her detriment. Defendant should reasonably have expected Plaintiff's reliance." (Compl. ¶¶ 41-43). Defendant asserts, and Plaintiff does not contest, that Kentucky courts have never recognized a claim for promissory estoppel based on an employer's published policies in an employee manual. While Kentucky certainly recognizes promissory estoppel under some facts, *see, e.g., Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky. Ct. App. 2003), the Court, like the parties, has been unable to locate a Kentucky case extending the doctrine of promissory estoppel to facts similar to those of the present case.

Moreover, Plaintiff's proper remedy in this case is her statutory claims for creation of a hostile work environment and retaliation, not a common law claim for promissory estoppel. Assuming that Plaintiff's allegations are true and the policy set forth in the manual was a promise to refrain from racial discrimination, Plaintiff has only shown that Defendant promised to follow the law. No one contests that Defendant had a legal duty to refrain from racial discrimination against its employees. The statutes Plaintiff claims Defendant violated give rise

3

to Plaintiff's claims for retaliation and creation of a hostile work environment. "Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985).

The Court believes that this issue is similar to claims for intentional infliction of emotional distress ("IIED") filed in employment discrimination cases. Kentucky courts have found that IIED is merely a "gap-filler tort," meaning that where a party brings an action for employment discrimination and an action for IIED based on the same conduct of the defendant, the IIED claim is "subsumed" by the statutory discrimination claim. *Wilson v. Lowe's Home Center*, 75 S.W.3d 229, 239 (Ky. Ct. App. 2001). The Court believes the same to be true of Plaintiff's claim for promissory estoppel. Because the promissory estoppel claim asserts the same behavior that is the basis for the statutory discrimination claims, the proper remedy for Plaintiff is under the statutes, not the common-law concept of promissory estoppel.[1]

Being otherwise sufficient advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's claims for defamation and promissory estoppel is GRANTED and Plaintiff's claims for defamation and promissory estoppel are DISMISSED WITH PREJUDICE.

This is NOT a final order.

---

[1] The Court notes that Plaintiff has also filed a cause of action for IIED and the same analysis may well apply to that cause. However, neither party has made a motion regarding the IIED claim and, therefore, the Court does not specifically address it at this time.

September 22, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc: Counsel of Record